## LAUE *v.* NUFFER *et al.*

### (*City Court of New York, Trial Term.* May 17, 1889.)

**1. CHECKS—FORGED INDORSEMENT.**
    Where a certified check on a bank is accepted by the payee, and is afterwards paid by the bank on a forged indorsement of the payee's name, marked "Paid," and delivered by the bank as a voucher to the drawers, the latter are not liable to the payee for the face value of the check, in an action for its conversion on their refusal to deliver it to him, but his remedy is against the bank.

**2. SAME.**
    Loss of the canceled check by the drawers after suit brought is not evidence of conversion, and does not aid the payee's cause of action.

On March 29, 1886, the defendants gave to the plaintiff a certified check on the Germania Bank of New York, for $418.70, payable to the order of the estate of John Brennan.   There being a dispute as to whether the $418.70 satisfied the entire demand of the estate against the defendant, the counsel for the estate concluded to hold the check, and did not deposit it.   Search was made for the check about September, 1888, and the counsel found that it had disappeared, and notified the defendants of the loss.   They in turn immediately notified the Germania Bank, but that institution had in the mean time paid the check to the Importers' & Traders' Bank, in which institution it had been deposited.   The plaintiff testified that he did not indorse the check; and, being the only one authorized to indorse it, it will be assumed that some unauthorized person indorsed the name of the estate on it in some form that made it appear available for use.   The defendants thereupon had their accounts balanced, and the check was returned to them, with other vouchers, by the Germania Bank.   The plaintiff informed the defendants of the forgery, and demanded possession of the check.   The defendants declined to give up the check, and the present action for its conversion was commenced.   The defendant Lippe thereupon took the check from his safe, and put it inside of the summons and complaint, intending to take these papers to his lawyer for advice. On the way his pocket was picked, and the papers stolen.   The loss was advertised, but the papers were never returned.

*Adolph Cohen,* for plaintiff.   *Geo. Hass* and *E. J. Spink,* for defendants.

MCADAM, C. J.   The plaintiff, having accepted from the defendants their check certified by the Germania Bank, in legal effect accepted a certificate of

deposit for $418.70. The certification being on when the plaintiff accepted the check, the result must be the same as if the plaintiff had procured the certification, because the effect in either case is substantially alike. By accepting the certified check the defendants were discharged from liability as drawers, and the bank becomes the plaintiff's primary and principal debtor. *Bank* v. *Leach*, 52 N. Y. 350; *Smith* v. *Miller*, 43 N. Y. 174; *Meads* v. *Bank*, 25 N. Y. 143; *Thomson* v. *Bank*, 82 N. Y. 1; *Bank* v. *Bank*, 10 Wall. 648. The bank, having paid the check on a forged or unauthorized indorsement, in law became liable to the plaintiff as the legal owner of the check for the amount so paid, whether on the theory of conversion or for its failure to pay to the plaintiff the money rightfully due to him on the check, it is unnecessary to consider, as the distinction affects the form of the remedy rather than the right of action. · The Germania Bank, in the usual course, returned the check to the defendants as its customers, and in so doing merely returned to them the evidence of the transaction it had closed by the payment mentioned. The check, when certified, was properly charged to the account of the defendants, as the drawers thereof, and when accepted by the plaintiff it constitutes a legal payment to him of that amount of money, so that the subsequent forgery did the defendants no injury, and gave them no right of action against any one. Such payment left the plaintiff with a cause of action against the Germania Bank, and the latter with its remedy over against the Importers' & Traders' Bank, to whom it improperly paid the money. It also gave the plaintiff, at his election, a cause of action for conversion against the Importers' & Traders' Bank, for that institution, without his authority, and while the check was a valuable security, collected and appropriated the money called for by its terms. *Bank* v. *Bank*, 1 Hill, 287; *People* v. *Bank*, 75 N. Y. 563. But it does not follow that the plaintiff has any substantial remedy against the defendants. They did not collect his money, nor did they misappropriate his check. When the check was returned to them by the Germania Bank it was punched, as having been paid, and came back merely as a voucher. It had ceased to be a marketable security, and was of no value, except as evidence. Money could not be obtained upon it from any one. True, the plaintiff, not having indorsed the check, never parted with title to it. *Morgan* v. *Bank*, 11 N. Y. 404. The plaintiff, after demand on the defendants, accompanied by a statement of the facts, may have become entitled to the possession of the check as a piece of evidence for use against the banks guilty of the wrong and injury, but it does not follow that the defendants' refusal to give it up revived against them the debt which they had once legally paid. The actual possession of the check by the plaintiff was not necessary to enable him to maintain his action against either of the banks. Proof of the facts would have established his rights against them, if not lost by reason of his negligence. The temporary production of the check by the defendants as evidence might have been enforced by *duces tecum*, or the plaintiff might perhaps have maintained replevin for the possession of the check, if permanent possession was deemed of importance. This action is for conversion, and the face value of the check is demanded from the defendants. The check was of no pecuniary value, either to the plaintiff or to any one else, at the time it was demanded from the defendants, except so far as it furnished evidence of the transaction. The Germania Bank, having paid the check, and the Importers' & Traders' Bank, having collected it in good faith, although improperly, had assumed a position in regard to it which made it imprudent, if not impossible, for either to pay the amount over again to another on mere presentation of the same check. The plaintiff's true remedy, as before suggested, was against the Germania Bank for the wrongful payment, or against the Importers' & Traders' Bank for conversion; and that right, if it ever existed, has not been impaired by any act of the defendants.

In *Thomson* v. *Bank*, 82 N. Y. 7, the court pertinently remarked: "If the

holder of the certified check should lose it, he would still have his remedy upon it against the bank, but could not have recourse against the drawer, whose funds had been thus locked up, or transferred to the credit of another party, and even the subsequent payment of the check by the bank upon a forged indorsement would not relieve it of its liability upon the contract it had made with the true owner, nor restore to the drawer the right to draw upon the bank for the funds which had been appropriated to the payment of the check, and were consequently no longer his." To hold that the refusal of the defendants to deliver the check to the plaintiff, after it was returned to them by the Germania Bank, marked as paid, made them liable for the face value of the check, would be to make the defendants pay the same demand twice. This result would be unjust, in view of the fact that the negligent act of the plaintiff in losing the check led to all the complications that followed, and the misfortune should not be cast upon the defendants, who have in no way contributed to bring these complications about.

The subsequent theft of the check from the defendants does not aid the plaintiff's cause of action, first, because it occurred after suit brought; and, next, such loss is not evidence of conversion. See *Bank* v *Wheeler*, 48 N. Y. 492. Under the circumstances the defendants are only liable for a technical wrong, and the plaintiff is at most entitled, as against them, to nominal damages, to-wit, six cents.