RUSSELL W. OSTRANDER, Appellant, *v.* JOSEPH HART, Executor, etc., et al., Respondents.

A judgment against a plaintiff in favor of one defendant determines nothing between the latter and a co-defendant.

While a judgment may determine the ultimate rights of defendants, as between themselves, where their interests in the subject-matter of the action are conflicting, such a determination may not be required or rendered in favor of one of the defendants, unless he has not only demanded it in his answer, but has served a copy thereof upon the attorney of each defendant to be affected by the determination, appearing in the action and personally upon each defendant so affected who has not appeared. (Code Civ. Pro. § 521.)

In an action of ejectment, plaintiff claimed title under a deed from an assignee in bankruptcy of H., a former owner of the premises. Defendant P. claimed title under a sale on foreclosure of a mortgage executed by H. before the institution of the bankruptcy proceedings. It was claimed by plaintiff that, at the time of the foreclosure, the mortgage was paid. It appeared that S., the mortgagee, brought an action to set aside the foreclosure proceedings and sale, to which action H., individually and as executor and trustee of his wife, who bid off the prem-

ises on the sale, and his assignee in bankruptcy were made parties; the assignee did not answer; H. answered, alleging that the premises were struck off to his wife in pursuance of an agreement between her and S. No copy of this answer was served on the assignee. On trial of that action, the court found that Mrs. H. advanced moneys and acquired rights under the sale which her estate was entitled to hold, although the claim secured by the mortgage was paid, and a decree was entered to the effect that the foreclosure was valid, and that S. was not entitled to have the same vacated. The trial court here decided that said judgment was a bar to this action; that the assignee, being a party, was bound by the decision; and so that he had no title and could convey none to plaintiff. *Held,* error; that the judgment was neither conclusive as a bar nor as evidence against plaintiff, because no demand was made in the pleadings which called upon the assignee to defend his title as against H., and no adjudication was made between him and any party to the action.

An omission to find facts claimed by the unsuccessful party to a suit to be warranted by the evidence, can only be taken advantage of by an exception to a refusal to so find, upon request duly made as required by the Code of Civil Procedure (§§ 993, 1023).

It appeared that defendants were in lawful possession as purchasers under the foreclosure sale. Plaintiff claimed that said mortgage was paid before the sale, and evidence was given from which the trial court could have so found. It did not so find, and no request was made by plaintiff for a finding upon the subject. The court found that H. had been divested of his interest by the foreclosure of said mortgage, and dismissed the complaint. *Held,* no error; that this court cannot look into the evidence for facts to reverse the judgment.

(Argued December 10, 1891; decided January 20, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 11, 1890, which affirmed a judgment in favor of defendants, entered upon a decision of the court on trial without a jury.

This was an action of ejectment brought to recover the possession of eight lots of land situate in the village of West Flushing, county of Queens, of the value of $2,000.

The defendant Joseph Hart, individually, owned the premises in question on the 6th of July, 1878, when he filed a petition in bankruptcy and included said lands in his schedule of assets. On the ninth of August following, said Hart was duly adjudged

a bankrupt and on the 11th of April, 1879, one Louis F. Post was appointed assignee of his estate. The premises in question were conveyed to the assignee by the register in bankruptcy on or about April 17, 1879. On the 23d of April, 1887, by due course of procedure in bankruptcy, the interest of Hart in said premises at the time when his petition was filed, was sold to the plaintiff by said assignee for the sum of fifty dollars.

August 17, 1876, said Hart, who then owned the premises and Sarah Hart, his wife, executed and delivered to one Sanders a mortgage thereon, collateral to a bond of even date, to secure the payment of $7,000. Said mortgage was subsequently foreclosed by advertisement under the statute in behalf of said Sanders, the date of the first publication of the notice of sale being March 27, 1879, and on the 20th of June, 1879, said premises were sold thereunder to Sarah Hart, who afterward died in possession of the same, leaving a will by which Joseph Hart was made trustee for the benefit of her children and authorized to sell her real estate. Under this will Joseph Hart as trustee, on the 16th of February, 1886, sold the lands in question to the defendant Prince, who through his tenants, was in possession of the same when this action was commenced.

In February, 1885, said Sanders commenced an action in the Supreme Court against Joseph Hart, individually and as executor and trustee under the last will and testament of Sarah Hart, deceased, Louis F. Post, as assignee in bankruptcy of Joseph Hart, and others, and demanded, as the relief to which he deemed himself entitled, that the affidavits made and recorded in said foreclosure proceedings should be adjudged void and canceled of record; that all the rights of the defendants in said premises should be foreclosed and the premises sold to pay said mortgage. He based his claim to this relief upon the allegation that at the time of said statutory foreclosure he believed he had money enough in his possession belonging to said Joseph Hart to pay said mortgage, which he foreclosed at Hart's request for Mrs. Hart's benefit, so that she could bid in the premises, but that he was afterwards compelled by a judicial proceeding to which neither Hart nor his wife was a

party, to apply said money in another direction. Said Louis F. Post, as assignee, did not answer, or appear in said action, although the summons and complaint were personally served upon him. Joseph Hart, both individually and as trustee, served an answer in which he alleged that Sanders duly agreed with Sarah Hart to convey the mortgaged premises to her without charge, or to have the same struck off to her at the sale under the foreclosure proceedings then pending. He made no demand for relief against any co-defendant, but simply asked that the complaint be dismissed with costs. No copy of the answer was served on Post.

Upon the trial of that action the court found that on the faith of the agreement between Sanders and Mrs. Hart she advanced moneys to her husband and that she acquired rights under the sale that her estate was entitled to hold, although the claim secured by the mortgage was paid. A decree was entered against the plaintiff Sanders, in favor of Hart, as trustee, etc., and of his children, who appeared by guardian *ad litem*, " that the foreclosure proceedings set up in the complaint were regular and valid and the plaintiff is not entitled to have the same vacated or set aside; that the title to the mortgaged premises was duly and regularly vested in Sarah Hart during her life-time and that the defendants aforesaid have judgment herein upon the merits against the plaintiff." The remainder of the judgment was for costs in favor of Hart and his children against said Sanders as plaintiff. No other relief was granted in favor of or against any party to the action.

The trial court, after finding the foregoing facts in substance, found as conclusions of law that said decree was a bar to this action; that Sarah Hart acquired a good title to the premises and that it is now vested in the defendant Prince; that the sale by Post, as assignee, conveyed no title to the plaintiff, as Joseph Hart had been divested of his interest by the foreclosure of the prior mortgage, and directed that the complaint be dismissed, with costs.

Further facts are stated in the opinion.

*E. Countryman* for appellant. Louis F. Post, the assignee in bankruptcy, became vested with the title to the real estate in question on the 6th day of July, 1878, the day Hart filed his petition to be declared a bankrupt, subject to the mortgage thereon previously made to Sanders, dated August 17, 1876, so far as it remained unpaid. (Bump on Bank. [5th ed.] 321, 323; Blumenstiel on Bank. 180, 181, 182.) The mortgage having become extinct by payment, it could not thereafter be the basis of title to the premises through a sham foreclosure sale as under the mortgage. (Bump on Bank. [5th ed.] 114, 325; Blumenstiel on Bank. 181, 327; *Davis* v. *Anderson*, 5 Nat. Bank. Reg. 145; *In re Neale*, 3 id. 177.) The mortgage having been once paid, it could not be revived and made effectual for new liabilities incurred by the mortgagor. (*Mead* v. *York*, 6 N. Y. 449; *Merrick* v. *Bartholick*, 36 id. 461; *Wanzer* v. *Cary*, 76 id. 526; *Shattuck* v. *Bascom*, 105 id. 43.) The assignee in bankruptcy having become vested with the absolute title to the property, and that, too, discharged of the mortgage to Sanders, neither the bankrupt Hart nor his mortgagee Sanders could afterwards divest him of that title through any process based upon that extinct mortgage. (Blumenstiel on Bank. 181; *In re Anderson*, 9 Bank. Reg. 360; *Mead* v. *York*, 6 N. Y. 449, 452; *Cameron* v. *Irwin*, 5 Hill, 272.) There has never been any litigation or adjudication between the parties herein or their privies. There is, therefore, no judgment which can operate as a bar to this action. (Code Civ. Pro. § 521.) In the action of *Sanders* v. *Hart*, the court could have no jurisdiction over the assignee in bankruptcy or the property vested in him. They both had previously been brought within the exclusive jurisdiction of the United States District Court in bankruptcy. That court is invested with such jurisdiction over the bankrupt and his estate. (Bump on Bank. [5th ed.] 178; *In re Anderson*, 9 Bank. Reg. 360, 363; Blumenstiel on Bank. 209.) The adjudication in the action of *Sanders* v. *Hart and others* cannot be a bar to this action between different parties and on a different subject-matter. (*Beveridge* v. *N. Y. E. R. R. Co.*, 112

N. Y. 1, 19; *Perry* v. *Dickerson*, 85 id. 345; *Stowell* v. *Chamberlain*, 60 id. 277; *Dawley* v. *Brown*, 79 id. 390, 397; *Slauson* v. *Englehart*, 34 Barb. 198, 202; *Bowen* v. *Mandeville*, 95 N. Y. 237.) The judgment in the case of *Sanders* v. *Hart*, so far as it adjudged title in Sarah Hart, was based upon no issue raised in the pleadings or any litigation pertinent thereto. It cannot, therefore, be deemed an adjudication upon the issues raised in this action. (*People ex rel.* v. *Johnson*, 38 N. Y. 63; *Campbell* v. *Consalus*, 25 id. 613.) The sale on the statutory foreclosure to Mrs. Hart, the defendant's testatrix, after payment of the mortgage, was void as against the assignee in bankruptcy. (*Cameron* v. *Irwin*, 5 Hill, 272; *Warner* v. *Blakeman*, 36 Barb. 501; *Mickels* v. *Dillaye*, 15 Hun, 296.) Judgment in the action subsequently brought by Sanders, the mortgagee, against Joseph Hart, as executor, etc., of Sarah Hart (after the moneys with which Hart had satisfied the mortgage were taken from Sanders by another suit), to declare the mortgage unpaid and still a lien upon the property, is not a bar to plaintiff's recovery in this action. (Code Civ. Pro. § 521; *Dusenbury* v. *Fisher*, 15 J. & S. 482; *Edwards* v. *Woodruff*, 90 N. Y. 396; *Fink* v. *Allen*, 4 J. & S. 350; *Ex parte Christy*, 3 How. [U. S.] 221; Bump on Bank. 212; *Kidder* v. *Horrobin*, 72 N. Y. 159.)

*James B. Lockwood* for respondents. The judgment in the case of *Sanders* v. *Hart* is a complete bar to this action, and this case was correctly disposed of in the courts below on that ground. (*Jordan* v. *Van Epps*, 85 N. Y. 436; *Patrick* v. *Shaffer*, 94 id. 423.) It was not incumbent upon the defendant to plead the judgment in the *Sanders* case in bar. (*Krekeler* v. *Ritter*, 62 N. Y. 372.) The judgment in the action of *Sanders* v. *Hart* is not relied on merely as a bar to the present action. It goes further than that and adjudges that Mrs. Hart, in her life-time, had acquired an interest in the land in question, which cannot be disturbed. (*Hunt* v. *Hunt*, 72 N. Y. 229.) The assignee in bankruptcy was a proper party to the action of *Sanders* v. *Hart*. (*Winslow* v. *Clark*, 47 N.

Y. 261 ; *Cook* v. *Whittle*, 55 id. 150 ; *Platt* v. *Jones*, 96 id. 24 ; Blumenstiel on Bank. 210.)

Vann, J. The learned judges of the General.Term were of the opinion that the judgment in *Sanders* v. *Hart* was a bar to a recovery by the plaintiff in this action, and they affirmed the judgment rendered by the trial court on that ground. As the assignee in bankruptcy was a party to that action, it was held that he and his assigns were bound by the determination made therein that title to the premises in question was duly vested in Sarah Hart during her life-time. It does not follow, however, that because the assignee was a party to that action, he was a party to the judgment as rendered and entered, or that because he failed to answer the complaint, he conclusively admitted all the facts alleged therein. If judgment had been entered against him by default, assuming that the court had jurisdiction, it would have been as conclusive, as to all facts properly alleged in the complaint, as if it had been rendered after issue joined, trial had and findings made. ( *White* v. *Merritt,* 7 N. Y. 352 ; *Gates* v. *Preston,* 41 id. 113 ; *Newton* v. *Hook,* 48 . id. 676 ; Herman's Estoppel & Res Adjudicata, § 50 ; Freeman on Judgments, § 330.)

No judgment, however, was entered in that action, by default or otherwise, in favor of the plaintiff Sanders against the assignee, or any other defendant, nor in favor of any defendant against a co-defendant. The only judgment rendered was in favor of the defendants Hart, against the plaintiff Sanders, dismissing the complaint upon the merits, with costs, and affirmatively judging that the proceedings in foreclosure were valid and vested a good title in Mrs. Hart. While a judgment may determine the ultimate rights of the parties on the same side, as between themselves (Code C. P. § 1204), the judgment in question did not purport to do so, but simply determined certain issues between the plaintiff in the action and the defendants Hart. Neither in form nor effect did it determine the ultimate rights of those defendants and the assignee, as between themselves, nor could such a determination have

been required by any defendant unless he had not only so demanded in his answer, but had also served a copy thereof upon the attorney of each defendant to be affected by the determination who had appeared, and personally upon each defendant so to be affected, who had not appeared. (Code C. P. § 521.) A judgment in favor of one defendant against another cannot be entered upon the default of the latter, unless he has had notice and an opportunity to defend as against his co-defendant. (*Edwards* v. *Woodruff*, 90 N. Y. 396; *Albany City Savings Inst.* v. *Burdick*, 87 id. 40.)

A judgment against a plaintiff in favor of a defendant determines nothing between the latter and a co-defendant, because, although both are parties to the action, they are not " adversary parties," as that phrase is applied to the subject of former adjudication. (Herman on Estoppel, § 138.)

No demand was made in any of the pleadings in the action brought by Sanders, which called upon the assignee to assert his rights or defend his title as against Hart, and no adjudication was made between the assignee and any party to the action. As to him the effect was the same as if no judgment had been entered, or as if he had not been made a party. We think, therefore, that the judgment relied upon, although not pleaded as a bar, is conclusive neither as a bar nor as evidence against the plaintiff in this action, who is in privity with the assignee and bound only as he was bound.

It does not follow, however, that the judgment appealed from should be reversed, as the result may be right, even if some of the reasons given for declaring that result are wrong. Both parties claim title to the land involved through Joseph Hart. The plaintiff has all the interest therein which belonged to said Hart on the 6th of July, 1878, when his petition in bankruptcy was filed. That interest was subject to a mortgage, dated August 17, and recorded November 27, 1876, which was subsequently foreclosed, and the defendants are in the position of purchasers in lawful possession under such foreclosure. The earlier title of the defendants must prevail over the later title of the plaintiff, unless the former is defective.

It is claimed that the mortgage was paid before the sale thereunder was made and evidence was given from which the trial court could have found that such was the fact. The trial court, however, did not so find, and no request was made by the plaintiff for a finding upon the subject, and we have held that " an omission to find facts claimed by the unsuccessful party to be warranted by the evidence, can only be taken advantage of by an exception to a refusal to so find upon request duly made as required by the Code." (*Travis* v. *Travis*, 122 N. Y. 449, 454.) We cannot look into the evidence for facts to reverse the judgment, except to see whether there is any evidence to support a finding, although we may to sustain it. (*Thomson* v. *Bank of British North America*, 82 N. Y. 1; *Burnap* v. *National Bank of Potsdam*, 96 id. 125; *Equitable Co-operative F. Co.* v. *Hersee*, 103 id. 25.)

The title of the defendants through the foreclosure of said mortgage is not questioned upon any ground except the one already mentioned, and as that must fail, owing to the practice pursued, we think that the conclusion of the trial court that Mrs. Hart acquired a good and paramount title through the foreclosure proceedings was correct, and that it justified the dismissal of the complaint. As the trial court based its action upon two independent grounds, one of which was right, the result is not affected by the fact that the other, as we have held, was wrong.

The judgment appealed from should, therefore, be affirmed, with costs.

All concur.

Judgment affirmed.