WILLIAM L. SAVAGE and HENRY HARTKE, Appellants, *v.* THE CITY
OF BUFFALO, Respondent. (No. 1.)

Res adjudicata — *when a prior judgment in favor of one defendant is not a bar to
a subsequent action, brought against such defendant by his co-defendant.*

A judgment rendered in an action brought against a municipal corporation and
persons who had entered into a contract with it, upon certain assignments
executed to the plaintiff by the contractors of moneys due under the contract,
which adjudges, in accordance with the allegations of the answer interposed
by the municipal corporation, that the contractors had abandoned the contract,
and that the municipal corporation had completed the work at a cost in excess
of the contract price, and that there was nothing due to the contractors at the
time the assignments to the plaintiff were executed, is not a bar to an action
brought by the contractors against the municipal corporation to recover a
balance due upon an architect's certificate given to them during the perform-
ance of the contract, where it does not appear that such certificate was assigned
to the plaintiff in the former action, or was in any manner involved in that
action, or that the answer interposed by the municipal corporation in that action
was served upon the contractors, or that they appeared or answered therein, or
that the judgment rendered therein was entered against the contractors.

APPEAL by the plaintiffs, William L. Savage and another, from an
interlocutory judgment of the Supreme Court in favor of the
defendant, entered in the office of the clerk of the county of Erie
on the 21st day of October, 1899, upon the decision of the court,
rendered after a trial at the Erie Special Term, overruling the plain-
tiffs' demurrer to the third answer contained in the defendant's sec-
ond supplemental answer.

The action was begun on the 28th day of August, 1898, to recover
$301.25, on account of a contract entered into between the plaintiffs
and the defendant. The allegations of the complaint, so far as
material, are, in substance: That in September, 1895, the plaintiffs
entered into a contract with the defendant to construct a school
building in the city of Buffalo, according to plans and specifications
made by the defendant, at the agreed price of $45,999.99, payment
to be made as the work progressed, upon the written certificates of
the architects; that on January 24, 1896, the plaintiffs had per-
formed work and furnished materials in the performance of said

contract amounting to $14,000, and had been paid only $11,000; that on said day the plaintiffs procured from the architects a certificate in writing certifying that they had performed work sufficient under said contract to entitle them to receive the further sum of $1,000; that on January 27, 1896, the defendant wrongfully neglected and refused to pay $301.25 of the sum specified in said certificate, although requested so to do by the plaintiffs; that said sum is due and owing to the plaintiffs, and judgment is demanded for the amount, with interest and costs.

For a third answer and defense to the cause of action set forth in the complaint the defendant, in substance, alleged: That on the 2d day of July, 1896, an action in equity was brought by one William L. Jones, the attorney for the plaintiffs in this action, to recover upon certain assignments of claims alleged to be due and owing on account of the contract in question, and which claims had been assigned to him by the plaintiffs before the commencement of that action; that the city of Buffalo and the plaintiffs in this action were made defendants; that the defendant the city of Buffalo answered, alleging, in substance, that nothing was due or owing under said contract; that the contractors (these plaintiffs) had abandoned the contract, and that the defendant completed it at its own expense, at a cost largely in excess of the contract price.

The issues so framed were tried before the court and a decision rendered in effect that the said contractors (these plaintiffs), on the 9th day of July, 1896, abandoned their contract; that such abandonment was accepted by the city of Buffalo, and that it thereupon entered and took possession of the premises for the purpose of completing the work, and did so complete it at a cost in excess of the contract price of $6,135.94; that said sum was due and owing to the city from the contractors (these plaintiffs) on account of such contract, and that there was nothing due to the contractors at the time when the assignments were made to Jones, the plaintiff in that action, and that there was nothing due or owing to the plaintiff, and judgment was directed dismissing the plaintiff's complaint in that action, with costs, and judgment was entered accordingly on the 23d day of September, 1898, and it is alleged that such judgment and decision is a bar to this action.

Such third answer or defense was demurred to by the plaintiffs,

upon the ground, among others, that the said third answer does not state facts sufficient to constitute a defense, and is insufficient in law upon the face thereof. The learned trial justice overruled the demurrer, and from the interlocutory judgment entered upon such decision this appeal is taken.

*William L. Jones,* for the appellants.

*William S. Jackson,* for the respondent.

McLENNAN, J. :

Does the decision of the court rendered in the action brought by Jones against the defendant and these plaintiffs, and the judgment entered thereon, constitute a bar or defense to the cause of action set forth in the complaint ?

It will be observed that this action is brought to recover a balance due upon a particular certificate made by the architects and delivered to the plaintiffs, which in effect certifies that at the time it was made sufficient work had been done and material furnished by the plaintiffs to entitle them to the amount thereof. There is no allegation in the answer demurred to that the certificate in suit, or any amount which is represented by it, had been assigned to Jones when he brought his action, or that such action was brought upon it, or that such certificate was in any manner involved in that action. The allegation is that Jones sought to recover in an action brought by him by virtue of certain assignments made to him by the plaintiffs. Their amount or importance, their nature, character or dates are not disclosed, except it appears that they covered moneys alleged to be due under the contract in question. It is not alleged that the plaintiffs in this action, who were made defendants in the action brought by Jones, appeared, or answered, or in any way participated in the litigation. It does not appear that the answer of the defendant, the city of Buffalo, was served upon them, and thus, so far as appears, they were not called upon to make defense, or to take any steps to protect their rights in that action as against the defendant city.

The pleadings, proceedings or judgment in the action brought by Jones are not contained in the record, and our entire knowledge of what took place must be obtained from the allegations contained in the answer demurred to.

If we assume the facts to be that the plaintiffs, at some time prior to the commencement of the action brought by Jones, assigned to him an architect's certificate certifying that there was due under the contract $100; that Jones brought an action to recover that amount, in which he made the defendant and these plaintiffs defendants; that these plaintiffs did not appear or answer or take any part in the litigation; that the answer of the city, which alleged that the contract had been abandoned and that there was nothing due under it at the time of the assignment, was not served upon the plaintiffs, and that upon the trial of the issues, as between Jones and the defendant, it was decided that Jones was not entitled to recover, and, in addition, that there was nothing due or owing to the contractors, all the allegations of the answer demurred to would be true. Those facts, however, if admitted, would not constitute a defense; would not be *res adjudicata* to any issue involved in this action.

So far as appears, these plaintiffs did not necessarily have any interest in the result of the action brought by Jones. Perchance the $100 certificate, or whatever the amount or character of the assigned claim, was assigned by the plaintiffs to Jones without recourse, and, if so, it was entirely immaterial to them whether a recovery was had by Jones or not.

Under those circumstances, assuming all the allegations contained in the defendant's third answer to be true, and interpreting them most favorably to the defendant, we are of the opinion that the court was without jurisdiction to render a decision in that action which would be binding upon these plaintiffs, and to determine that as to them the city of Buffalo had fully performed all the terms and conditions of the contract entered into between it and these plaintiffs, and that they had no cause of action against the city on account of the same.

In *Reynolds* v. *Ætna Life Ins. Co.* (160 N. Y. 635), at page 651, the court says: " It must be regarded as the established law of this state that a judgment is not conclusive in a second action unless the same question was at issue in a former suit of which the court had competent jurisdiction, and the subsequent action is between the same parties or their privies. The conclusive character of a judgment as a bar extends only to the identical issues which

were tried in the former action. They must be the same in each action, not merely in name, but in fact and in substance, and the party seeking to avail himself of a former judgment as conclusive evidence, or as a bar in a subsequent action, must show affirmatively that the question involved in the second was material and determined in the former, as a former judgment would not operate as an estoppel in a subsequent action as to immaterial and unessential facts, even though put in issue and directly decided. It is final only as to facts litigated and decided, which relate to the issue, and the determination of which was necessary to the determination of that issue."

If we assume that the principal issue to be litigated in the case at bar is whether or not there is anything due and owing to the plaintiffs from the defendant on account of the contract which they entered into, that such issue was tried in the action brought by Jones, and that, as between him and the city of Buffalo, it was determined adversely to Jones, the city of Buffalo having failed to serve its answer in that action, by which such issue was raised, upon these plaintiffs (defendants in that action), any determination which was made in that action upon such issue is not binding upon the plaintiffs, and the judgment in favor of the city of Buffalo and against Jones, entered upon such decision, had no binding force or effect as against these plaintiffs.

It will be observed that, so far as appears by the record, no judgment was entered in the action brought by Jones, by default or otherwise, as against these plaintiffs. The only judgment rendered was in favor of the city of Buffalo, dismissing the plaintiff's complaint upon the merits, with costs.

In *Ostrander* v. *Hart* (130 N. Y. 406), at page 413, the court says: " A judgment against a plaintiff in favor of a defendant determines nothing between the latter and a co-defendant, because, although both are parties to the action, they are not ' adversary parties,' as that phrase is applied to the subject of former adjudication."

In that case the rule was stated in the head note as follows: " While a judgment may determine the ultimate rights of defendants, as between themselves, where their interests in the subject-matter of the action are conflicting, such a determination may not

be required or rendered in favor of one of the defendants, unless he has not only demanded it in his answer, but has served a copy thereof upon the attorney of each defendant, to be affected by the determination appearing in the action, and personally upon each defendant so affected who has not appeared."

Applying this rule to the case at bar, it would seem clear that the decision and judgment pleaded in the defendant's third answer in no manner constitutes a defense to the cause of action set forth in the complaint. As we have seen, the answer of the city of Buffalo in the former action was not served upon its co-defendants (these plaintiffs), and the provisions of the Code necessary to make the determination in that action binding upon these plaintiffs were in no manner complied with.

It follows that the judgment appealed from should be reversed, with costs, and plaintiffs' demurrer sustained, with costs.

All concurred; SPRING, J., not sitting.

Interlocutory judgment reversed, with costs, and demurrer sustained, with costs, with leave to the defendant to amend its answer upon payment of the costs of the demurrrer and of this appeal.