(93 Misc. Rep. 99)

### HALLETT v. SIGERSON et al.

(Supreme Court, Appellate Term, Second Department. December, 1915.)

1. LANDLORD AND TENANT ⚬⟞199½—ACTION FOR RENT—ESTOPPEL.
    The fact that the lessor of premises for an open-air moving picture pavilion, as well as the tenants, knew of certain restrictive covenants, which they did not think would hold as against the pavilion, and intended to test it by such use of the premises, in the absence of fraud or evasion, did not estop the lessor from maintaining an action for rent after the pavilion had been enjoined as in violation of the restrictions.
    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 761; Dec. Dig. 199½.]

2. JUDGMENT ⚬⟞684—CONCLUSIVENESS—MATTERS CONCLUDED.
    In an action for the rent of premises leased for an open-air moving picture pavilion, the judgment at the suit of a third party, making the landlord and tenants parties defendant, enjoining the maintenance of such pavilion as in violation of restrictive covenants, was not an estoppel of record against the landlord's subsequent maintenance of an action for rent, as it adjudicated nothing in favor of any defendant as against a codefendant; and if the tenants expected to be thereby relieved of their liability for rent, and had any ground upon which to base such an appeal, they were bound to interpose their answer, and serve a copy thereof upon the landlord, their codefendant.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1207; Dec. Dig. ⚬⟞684.]

3. JUDGMENT ⚬⟞651—CONCLUSIVENESS—CONSENT TO JUDGMENT.
    In such case, the fact of the landlord's stipulated consent to the entry of judgment against her for the injunction sought, without any damages,

---

⚬⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

not to be entered unless judgment was also entered against one or more of her codefendants, was not an estoppel in pais against her subsequent action for rent, as her consent did not and could not assume that the tenants would also consent to entry of judgment, and non constat but that the tenants, if they had not done so, might have succeeded in such litigation.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1163; Dec. Dig. ⊙—651.]

4. LANDLORD AND TENANT ⊙—172—EVICTION—CONSENT TO INJUNCTION.

In such case, the landlord's consent to judgment did not constitute an eviction of the tenants.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 695–703; Dec. Dig. ⊙—172.]

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Mary J. Hallett against Frank Sigerson and another. From a judgment for defendants, dismissing the complaint upon the merits, plaintiff appeals. Reversed, and judgment directed for the plaintiff.

Argued November–December term, 1915, before MADDOX, KAPPER, and KELBY, JJ.

Lewis C. Grover, of Brooklyn, for appellant.
J. Joseph Lilly, of New York City, for respondent Sigerson.

KAPPER, J. Action for rent. Plaintiff by written lease rented to the defendants certain vacant lands owned by her at Rockaway Park, Queens county. The lease was for a three-year term, commencing May 17, 1914, at a total rent of $2,400, payable $500 on the execution of the lease, $300 on July 15, 1914, $400 on May 17, 1915, $400 on July 15, 1915, $400 on May 17, 1916, and $400 on July 15, 1916, and provided that the premises were to be used "for business purposes." The usual covenant of quiet enjoyment was included. The defendants, as tenants, entered into possession and erected thereon such structures as were adaptable to the conduct of an open-air moving picture pavilion. Thereafter, and about June 30, 1914, the Matinecock Realty Company and other neighboring owners commenced an action in the Supreme Court, Queens County, alleging in substance that the premises of the plaintiff here were burdened with a covenant against its use for a moving picture business, and praying for an injunction against the continuance of such business and a removal of the structures. The parties here were made defendants in that suit, all appearing by the same attorneys. Subsequently the plaintiff here, regarding herself as unnecessarily or improperly a defendant in that case, was by order made on the 15th day of January, 1915, substituted "as defendant in person" in place of her said attorneys, and on the same day she signed the following stipulation.

"It is hereby stipulated and agreed between the plaintiffs and the defendant Hallett that said defendant withdraws her answer and consents to judgment against her for the injunction prayed for in the complaint, but without costs or money damages of any kind against her.

"It is further stipulated that such judgment shall not be entered, unless judgment be also entered against one or more of the other defendants."

⊙—For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Within a week thereafter the defendants here, and as defendants in that action also, by written stipulation withdrew their answers and consented to the entry of judgment against them, and thereupon judgment was entered enjoining the defendants (the parties here) from continuing said moving picture enterprise, and commanding the removal of the said structures. The plaintiff now seeks to hold the defendants to the lease, and sues to recover the installment of $400 rent payable thereunder on the 17th day of May, 1915.

The record now under review conclusively shows that the defendants here knew of the alleged restrictive covenant and that they intended to test its efficacy by accepting a lease and embarking in the moving picture business on the premises. The testimony on that head given by the defendant Sigerson was:

"We told her [plaintiff] we thought the restrictions would not hold down there, and we wanted to open a moving picture place. I had an idea in the beginning of opening a closed moving picture place; but we wanted to try out the restrictions, and with an open-air it was less expensive to build and see whether the restrictions would hold. Q. What did she say to that? A. Well, she said that the people around there had violated the restrictions; almost every householder had violated them in one way or another. For instance, she cited facts of boarding houses selling beer and stuff like that, which was in violation of the restrictions, and she thought they would not hold, and I thought they would not hold either. So we leased that property."

In view of the judgment now appealed from, which went in favor of the defendants, it may be regarded as established that the plaintiff knowingly let the premises for a moving picture establishment, although it should be said that she denies the fact. But, taking the evidence of the defendants as true, it was proven by them that both landlord and tenants knew of the restrictive covenant, but regarded it as inefficacious, and were content to test the question. If the judgment in the Matinecock Realty Company's suit does not act as a bar to this action, or unless the plaintiff by some act or conduct on her part in the making of the lease, or in consenting to the entering of judgment, has created against herself an estoppel in pais, or by her action or inaction has suffered her tenants to be evicted by operation of law, following the effect of the judgment referred to, we are of the opinion that nothing has been shown which would deprive plaintiff from holding the defendants to the lease and from recovering the rent reserved therein.

[1] We fail to find anything in the act of leasing which bears any semblance to conduct on plaintiff's part creating an estoppel. There was no fraud or evasion. The transaction was open, and the circumstances were fully known to the defendants, who were anxious to establish a moving picture entertainment on the premises, notwithstanding there was a possibility that its establishment and maintenance might be questioned and prevented.

[2] As to the judgment itself in the Matinecock Realty Company's suit, an estoppel of record cannot be predicated thereon. It is neither conclusive of anything here involved, nor does it prevent the maintenance of this action. At most, that judgment adjudicated that the parties here were violating a restrictive covenant and must cease doing

so. It adjudicated nothing in favor of any defendant as against a codefendant. All defendants were regarded by the judgment as equally conducting a venture inhibited by the covenant. If the defendants here expected to be relieved by that judgment of their liability to the plaintiff herein for rent under the lease, and had any ground upon which to base such an appeal, they were bound to interpose their claim by answer and serve a copy thereof upon their codefendant. Ostrander v. Hart, 130 N. Y. 406, 29 N. E. 744; Savage v. City of Buffalo, 49 App. Div. 577, 581, 63 N. Y. Supp. 626.

In Mahoney v. Prendergast, 12 N. Y. Supp. 869, a dower suit was brought by Mahoney's mother against him and his wife, in which it was found that a conveyance, which was made by Mahoney through a third person to his wife, was without consideration and for the sole purpose of vesting the apparent legal title in her in order to protect Mahoney. In an action thereafter brought by Mahoney to recover the property from his wife's devisee, it was argued that the finding in the dower suit was conclusive evidence against such devisee that there was no consideration for the transfer, to which argument the court (12 N. Y. Supp. 870) say:

"The answer is that the present plaintiff and his wife were codefendants in that action. They were in no sense adverse parties to one another. No issue between them arose, or was litigated therein; and hence no estoppel could arise against either in behalf of the other by reason of what was adjudicated in that suit, as between them jointly, on the one hand, and a third party, on the other."

See, also, O'Connor v. N. Y. & Yonkers Land Co., 8 Misc. Rep. at page 245, 28 N. Y. Supp. 544. We think, therefore, that the judgment in question was in no wise an adjudication as between these defendants of the right of the plaintiff here to recover rent under the lease.

[3, 4] Nor does the fact that the plaintiff here consented to the entry of judgment in the Matinecock Realty Company's suit aid the defendants upon the theory of estoppel in pais. The plaintiff's consent to judgment, conditioned on judgment being entered against her codefendants, did not and could not assume that such codefendants would refuse to litigate, but, instead, would also consent to the entry of judgment. She was not a necessary party to the injunction suit. The tenants in occupancy under the lease and carrying on the inhibited calling were the ones to be enjoined in that respect, although her inclusion was properly within the scope of the injunction sought. It was but natural to find the landlord rebelling (as the record in the case at bar discloses) against being sued, and when she desired to be relieved as a litigant she withdrew upon the express stipulation that no judgment against her should follow unless and until one went against her tenants. Instead, however, of resisting, these tenants, whatever their motive may have been, promptly consented to the entry of the restraining judgment.

The situation, therefore, was one which the tenants themselves created, and for any loss or injury which may be visited upon them they have themselves alone to blame. Nothing appears by the judgment roll,

or from the record now under review, from which it can be said that the plaintiff in the Matinecock Realty Company's suit would have succeeded in establishing that the defendants were violating 'the restrictive covenant. Non constat but that the defendants would have succeeded in that litigation. We do know that a pendente lite injunction was refused therein by Mr. Justice Blackmar, sitting at Special Term, Queens County, on the 5th day of August, 1914; and had the Matinecock Realty Company ultimately succeeded, it might well have been that relief by way of inconsequential damages only would have been all to which it may have been found entitled. We can only repeat that the consent of this plaintiff did not justify these defendants in consenting to judgment, and that they should have litigated the breach of the restrictive covenant alleged against them.

These views also dispose of the contention that plaintiff's consenting to judgment constituted an eviction.

The judgment should be reversed, with costs, and judgment directed for the plaintiff in the sum of $400, with interest to be computed from the 17th day of May, 1915, and appropriate costs in the court below. All concur.