HERMAN LOOYMANS, Plaintiff, *v.* CHATHAM AND PHENIX NATIONAL BANK, Defendant.

City Court of the City of New York, June, 1923.

**Negotiable instruments — unauthorized indorsement of payee's name — conversion — bank paying check liable to payee — estoppel.**

A party whose name has been forged may be estopped by his negligence for an unreasonable time not to discover the forgery, but only with respect to the giving of notice thereof, after discovery, to the party imposed upon.

In 1914, plaintiff, a Holland merchant, placed with D., his representative in New York, for collection a claim against one Jones located in New Jersey, for merchandise sold. In 1916 plaintiff wrote to a company, the successor in business to D., requesting the return of the papers in connection with the said claim. In May, 1918, the executrix of the estate of Jones delivered to said company a check for the full amount of said claim payable to the order of plaintiff. The company indorsed the check in the name of plaintiff and delivered it to the defendant bank which thereupon collected the same and credited the proceeds to the account of said company which had at all times until May, 1920, on deposit with defendant a sum of money in excess of the amount of the

check.  Plaintiff made no claim against the estate of Jones after May, 1918, nor did he thereafter make any inquiry of the estate.  *Held*, that in an action for the conversion of the check against the bank the plaintiff was entitled to recover the full amount of the same with interest from its date.

The authority of the company, the successor of D., being conceded and it not appearing that Jones was notified of any revocation of such agency, the presumption of continuance justified the executrix of the Jones estate in delivering the check to said company.

ACTION for conversion.

*Arthur L. Fullman*, for plaintiff.

*Kaye, McDavitt & Scholer* (*Harold L. Fierman*, of counsel), for defendant.

HARTMAN, J.  This action is brought by plaintiff against the defendant bank to recover the sum of $515.68, with interest from May 15, 1918, as damages for the conversion of a check for that sum.  The parties have stipulated to have the issues determined upon an agreed state of facts.

In 1910 and 1911 plaintiff, a dealer in bulbs and seeds, having his principal place of business in Holland, sold certain merchandise to one Hiram T. Jones, located in New Jersey.  In May, 1914, Jones not having paid the amount of his indebtedness, plaintiff wrote to H. Frank Darrow, a seed and bulb merchant in New York city, who had entered into an arrangement to represent plaintiff in this country and sell his merchandise, and placed in said Darrow's hands for collection the aforesaid claim against Jones.  Although plaintiff in 1916 wrote the H. Frank Darrow Company, the successor to Darrow, requesting the return of the papers in connection with the claim against Jones, it appears that about two years later, to wit, May 15, 1918, the estate of Hiram T. Jones, by Rachel R. W. Jones, executrix, made her check dated that day whereby the Union Trust Company of Elizabeth, N. J., was directed to pay to the order of plaintiff the sum of $515.68 and delivered said check to the H. Frank Darrow Company, Inc.  The Darrow Company indorsed the check in the name of the plaintiff and delivered the same to defendant, which thereupon collected the same and credited the proceeds to the account of said Darrow Company.  Plaintiff never learned of the delivery of the check to the Darrow Company until August, 1921, nor has he received any part of the proceeds thereof.  The Darrow Company had an account with defendant until May 26, 1920, until which date it had at all times on deposit with defendant a sum of money in excess of the amount of such check.  Plaintiff never made any claim against the estate of Hiram T. Jones after May 15, 1918, nor did he make any inquiry from the estate after such time.

The Darrow Company, being merely an agent to collect, was without authority to indorse and collect the check payable to the order of plaintiff, and the defendant bank, by paying the proceeds of the check to the Darrow Company, is liable to the plaintiff principal for the amount thereof. *Thomson* v. *Bank of British North America*, 82 N. Y. 1; *Robinson* v. *Chemical Nat. Bank*, 86 id. 404; *Porges* v. *United States Mortgage & Trust Co.*, 203 id. 181; Mechem Agency (2d ed.), § 949 *et seq.* The check, being payable to plaintiff, imported on its face that it was the intention of the maker of the same that it should be transferred to plaintiff and not to the Darrow Company. Had it been otherwise intended, the check would have been made payable to the Darrow Company. There is nothing shown to warrant any inference or presumption on the part of the defendant that the Darrow Company was authorized to use the plaintiff's money for its own purposes. See *Sims* v. *United States Trust Co. of New York*, 103 N. Y. 472; *Moch* **v.** *Security Bank*, 176 App. Div. 842; affd., 225 N. Y. 723.

Nor, as contended by defendant, is plaintiff estopped from asserting his claim at this time. There was no duty resting upon plaintiff to anticipate that his agent or defendant would commit a wrong, and he was not obliged to investigate for the purpose of ascertaining whether such wrong had been committed. But after the discovery of the wrong the duty then devolved on him to notify the defendant, else he may be chargeable with negligence. The rule is that a party whose name has been forged may be estopped by his negligence for an unreasonable time, not to discover the forgery, but only with respect to the giving of notice thereof *after discovery* to the party imposed on. *People* v. *Bank of North America*, 75 N. Y. 547; *Schmidt* v. *Garfield Nat. Bank*, 64 Hun, 298; *Canal Bank* v. *Bank of Albany*, 1 Hill, 287. And this is so even though the unauthorized signing of the principal's name in the present case may not amount to forgery, but was merely a profession of authority that did not exist. The cases cited by defendant, setting forth the rule in actions to recover back money paid by mistake, are not applicable. Nor is there merit in defendant's contention that there was no valid delivery of the check to plaintiff, for the reason that the Darrow Company had no authority to receive the same, for, leaving aside all other considerations, the original authority of the Darrow Company being conceded and it not appearing that Jones was notified of any revocation of such agency, the presumption of continuance justified the Jones estate in delivering the check to the Darrow Company.

Verdict directed for plaintiff.

Judgment accordingly.