[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 555 
At the Special Term the judgment in this case was put upon the ground that the facts found in the findings, and some inferences therefrom made in the opinion, brought this case within the holdings in Kimberly v. Patchin (19 N.Y., 330), and Russell
v. Carrington (42 id., 118). *Page 556 
The learned judge, in forming his opinion, having arrived at the conclusion that, as a matter of fact and inference, the sale was of a specified quantity of coal, to be taken from a specified general mass, undistinguishable in quality or value, and that it was the intention of the parties to pass the title to the amount sold, deemed the case within the principle of those authorities, and held that there was a complete sale to the plaintiff and a perfect title given to him.
At the General Term the Court was content with refuting, to its satisfaction, the theory upon which the Special Term had gone; and did not perceive in the findings, nor in any inferences properly deducible therefrom, that the sale was from some certain or identified body of coal, either in bulk or included in any other mass then being anywhere in existence or capable of identification, and so it held that this case did not fall within the rule laid down in the cases above cited.
The Special Term did not notice, as a circumstance entitled to effect in the decision, and the General Term, though alluding to it, laid no stress upon it, that by the terms of the sale to the plaintiff he was bound to take away the coal in the month of October. It is evident that this was a part of the terms of sale of some moment in the estimation of the defendants, for they based upon it, in the same terms of sale, important consequences. A failure of the buyer to take away all the coal bought, within the time specified, gave the defendants the right and power to refuse further delivery, and to forfeit the earnest money paid by the buyer, or to resell the coal on the buyer's account, and at his risk of loss. And we can readily perceive that it is essential to the successful prosecution of the business of the defendants, that they should not be compelled, by the dilatoriness of their vendees, to furnish, upon their docks at Elizabethport or Hoboken, space for the keeping, into succeeding months, of the coal sold by them deliverable in a given month. Hence their stipulation in the terms of the sale appears, from a fair consideration of the language of it, and of the other parts of those terms and of the circumstances, to be of the essence of the contract, to *Page 557 
have been really intended by the parties, and to have formed a condition precedent, to be observed and kept by the plaintiff if he wished to be able to retain his contract and to have it enforceable against the defendants. (Benjamin on Sales [2d ed.], p. 481.) The finding is, that the plaintiff demanded a delivery of the coal in February, 1871. There is a finding that he did not offer to take it away until then, and hence did not offer to in the month of October, 1870, as he was required to do to meet the condition precedent. There is lacking, then, a fact which should have been found to sustain the conclusion of law and the judgment. It is a fact which the proofs will not supply, for the evidence was that the defendants were ready and willing to make delivery of the coal in October and November, 1870.
It may not be well said, that though there is this condition precedent in the terms of sale, the defendants had prescribed the only remedies for themselves, in case the plaintiff did not keep the condition. It is true that options of the defendants were provided for; they could forfeit the earnest money paid; they could resell, on the plaintiff's account, and at his risk; they could discontinue future deliveries. But these were not all. There was also the legal right of every contracting party to hold himself absolved from his obligation when the other contracting party has failed to keep some condition precedent which he is bound to perform. Thus, in an agreement to exchange pieces of real estate on specified terms, and to deliver the deeds at a fixed date, "or forfeit the sum of $500," it was held by this court that the party not in default might elect to sue for the amount named as a forfeit, or generally for his damages from a breach of the contract by the other party, and in the latter action was not limited to the sum named. (Noyes v.Philips,* in MS., decided April 13, 1875.) It is there said that parties are not released from the performance of their contract by reason of the same contract containing a penalty for non-performance. Here the options reserved to the defendants, of a forfeiture of the earnest *Page 558 
money, etc., are in the nature of penalties for non-performance by the plaintiff, but the relations and rights of the contracting parties, so far as harmonious with the provisions of the contract reserving option, are to be determined by the legal principles applicable.
Nor do we think that this case falls within the principle of 19 New York, and 42 New York (supra). The findings of the Special Term do not set forth facts sufficient therefor. Nor are we able, from the evidence in the case, to make inferences which will supply the lack. There is not that in the testimony which proves or indicates that there was, either at Elizabethport or at Hoboken, at the time of the sale, a mass of 90,000 tons of coal, undistinguishable in kind and quality and value from that contracted for of the defendants; or that, at that time, there was an ascertained body of coal at either of those places, all parts of which were of the same value, and undistinguishable from each other. Rather, it appears to us, that the terms of the contract and the circumstances of the case indicate, that the 90,000 tons at that time offered for sale, had not yet reached either of the contemplated points of delivery, and were not yet gathered into one mass. Nor can we make the inference that it was the intention of the defendants to pass the title to the plaintiff before actual delivery of the quantity he contracted for. But we do not elaborate the reasons for these conclusions.
As a new trial would not afford opportunity to change any of the facts as now presented, we affirm the judgment of the General Term.
All concur.
Judgment affirmed.
* Ante, p. 408 *Page 559