HELGAR CORPORATION, Appellant and Respondent, *v.* WARNER'S FEATURES, INCORPORATED, Respondent and Appellant.

Appeal — Court of Appeals cannot go behind the findings for the purpose of a reversal — sales — sale of goods to be delivered in stated installments — vendor may bring action for unpaid installment the day it is due but his right to abrogate the contract depends upon the circumstances — erroneous modification by Appellate Division of judgment entered upon referee's report which granted recovery for installments due but refused to hold contract repudiated or award damages thereunder.

1. This court cannot go behind the findings or requested findings for the purpose of a reversal although it may do so for the purpose of affirmance. In the former case an appellant must be held to the rule which requires a request to find and an exception.

2. Under subdivision 2 of section 126 of the Personal Property Law (Cons. Laws, ch. 41, amd. L. 1911, ch. 571) the vendor of goods, sold to be delivered by stated installments which are to be separately paid for, who fails to receive payment of an installment the very day that it is due, may sue at once for the price, but his right of election to declare the contract at an end depends upon the question whether the default is so substantial and important as in truth and in fairness to defeat the essential purpose of the parties.

29

3. Plaintiff's assignor made a contract with the defendant for the sale of films for moving pictures to be delivered at different times with different dates for payment. Defendant was also to pay one-half of the net profits realized by it as the result of foreign sales. Plaintiff having received, an assignment of the contract, delivered pictures of a certain value at the contract rate which became payable on a certain date, for which payment was demanded and refused. Plaintiff then began this action, alleging its election to terminate the contract by reason of the breach. Judgment was demanded for the price of the films delivered and also for the profits that would have been gained through the completion of the contract. The referee gave judgment for the price but refused to award the profits, on the ground that the failure to make punctual payment was not accompanied by acts or words evincing repudiation or abandonment. The Appellate Division has modified the judgment by adding to it the estimated value of foreign rights attached to the sales already made. *Held,* that the findings made by the referee do not sustain the conclusion that the plaintiff was justified in electing to declare the contract at an end, or that any foreign sales have been made, and, hence, the judgment of the Appellate Division, to the extent that it modifies the judgment entered on the report of the referee, should be reversed and the judgment entered upon such report affirmed.

*Helgar Corporation* v. *Warner's Features,* 170 App. Div. 910, modified.

(Argued January 25, 1918; decided February 12, 1918.)

CROSS-APPEALS from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered August 11, 1915, modifying and affirming as modified a judgment in favor of plaintiff entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Benjamin Reass, Hugo Hirsh* and *Emanuel Newman* for plaintiff, appellant and respondent. A default, deliberately permitted, in the payment of an installment due under an entire and indivisible contract, is such a breach of the contract as to entitle plaintiff to recover the profits

it would have earned by the performance thereof. (*Masterton* v. *Mayor, etc.,* 7 Hill, 61; *Catlin* v. *Tobias,* 26 N. Y. 217; *Smith* v. *Brady,* 17 N. Y. 173; *Champlin* v. *Rowley,* 18 Wend. 187; *Moore* v. *Taylor,* 42 Hun, 45; *Wharton* v. *Winch,* 140 N. Y. 287; *Jones* v. *City of N. Y.,* 57 App. Div. 403; *McCready* v. *Lindenborn,* 172 N. Y. 400; *Nichols* v. *Scranton,* 137 N. Y. 471; *Stephenson* v. *Cady,* 117 Mass. 6.)

*William M. Dederick* for defendant, respondent and appellant. Defendant's failure to pay for one picture on the due date did not entitle the plaintiff to rescind the contract and recover its prospective profits. (*Moore* v. *Taylor,* 42 Hun, 45; *Wharton* v. *Winch,* 140 N. Y. 287; *Jones* v. *City of New York,* 57 App. Div. 403; *McCready* v. *Lindenborn,* 172 N. Y. 400; *Mersey Co.* v. *Naylor,* L. R. 9 App. Cas. 434; *Norrington* v. *Wright,* 115 U. S. 188.)

CARDOZO, J. The plaintiff's assignor made a contract with the defendant for the sale of films for moving pictures. At least one film was to be delivered every month. Deliveries were to begin in November, 1913, and to end in October, 1914. The price was fixed at eight cents per foot; and payment for each film was to be made within thirty days after exhibition to the public. By way of additional compensation, the defendant was also to pay one-half of the net profits realized by it as the result of foreign sales.

The plaintiff, having received an assignment of the contract, delivered pictures of the value at the contract rate of nearly $10,000. The price was payable on December 24, 1913. The finding is that payment was then demanded, and that " the defendant refused and neglected to pay the same or any part thereof, nor did the defendant offer or tender a part payment of said amount or offer to pay the same in installments." Two

days later this action was begun. The plaintiff alleged its election to terminate the contract by reason of the breach. Judgment was demanded for the price of the films delivered, and also for the profits that would have been gained through the completion of the contract. The referee gave judgment for the price, but refused to award the profits. In his opinion, he put his refusal upon the ground that the failure to make punctual payment was not accompanied by acts or words evincing repudiation or abandonment. The Appellate Division added $2,000 to the judgment. This was the estimated value of foreign rights which attached to the sales already made. That value was thought to be recoverable as an incident to the price. With this modification, the judgment was unanimously affirmed. There are cross-appeals in this court.

The rights of vendor and vendee upon the breach of an installment contract are now regulated by statute. The rule is to be found in section 126, subdivision 2, of the statute governing sales of goods (Personal Prop. Law, Consol. Laws, ch. 41; amd. L. 1911, ch. 571): " Where there is a contract to sell goods to be delivered by stated installments, which are to be separately paid for, and the seller makes defective deliveries in respect of one or more installments, or the buyer neglects or refuses to take delivery of or pay for one or more installments, it depends in each case on the terms of the contract and the circumstances of the case whether the breach of contract is so material as to justify the injured party in refusing to proceed further and suing for damages for breach of the entire contract, or whether the breach is severable, giving rise to a claim for compensation, but not to a right to treat the whole contract as broken."

The statute thus establishes a like test for vendor and for vendee. The earlier cases may not be wholly uniform (*Wharton & Co.* v. *Winch*, 140 N. Y. 287; *Kokomo*

*Strawboard Co.* v. *Inman*, 134 N. Y. 92; *Wolfert* v. *Caledonia S. I. Co.*, 195 N. Y. 118). We do not need to reconcile them. We have departed from the rule of the English statute (56 & 57 Vict. ch. 71, § 31, subd. 2), which keeps the contract alive unless the breach is equivalent to repudiation (Note of Commissioners on Uniform Laws, American Uniform Commercial Acts, p. 98; Williston on Sales, pp. 809, 810; 25 Halsbury, Laws of England, p. 220). We have established a new test, which weighs the effect of the default, and adjusts the rigor of the remedy to the gravity of the wrong. " It depends in each case on the terms of the contract and the circumstances of the case " whether the breach is " so material " as to affect the contract as a whole.

The answer to that question must vary with the facts (Williston on Sales, p. 810). Default in respect of one installment, though falling short of repudiation, may under some conditions be so material that there should be an end to the obligation to keep the contract alive. Under other conditions, the default may be nothing but a technical omission to observe the letter of a promise (Williston on Sales, p. 823; *Nat. Machine & Tool Co.* v. *Standard S. M. Co.*, 181 Mass. 275, 279; *Wharton & Co.* v. *Winch, supra*). General statements abound that, at law, time is always of the essence. (Williston, *supra; Norrington* v. *Wright*, 115 U. S. 188; *Booth* v. *S. D. Rolling Mills Co.*, 60 N. Y. 553; *Schmidt* v. *Reed*, 132 N. Y. 108). For some purposes this is still true. The vendor who fails to receive payment of an installment the very day that it is due, may sue at once for the price. But it does not follow that he may be equally precipitate in his election to declare the contract at an end (Williston, p. 823; *Beatty* v. *Howe Lumber Co.*, 77 Minn. 272, and cases there cited; *Graves* v. *White*, 87 N. Y. 463, 466). That depends upon the question whether the default is so substantial and important as in truth and in fairness to defeat the essential

purpose of the parties. Whatever the rule may once have been, this is the test that is now prescribed by statute. The failure to make punctual payment may be material or trivial according to the circumstances. We must know the cause of the default, the length of the delay, the needs of the vendor, and the expectations of the vendee. If the default is the result of accident or misfortune, if there is a reasonable assurance that it will be promptly repaired, and if immediate payment is not necessary to enable the vendor to proceed with performance, there may be one conclusion. If the breach is willful, if there is no just ground to look for prompt reparation, if the delay has been substantial, or if the needs of the vendor are urgent so that continued performance is imperilled, in these and in other circumstances, there may be another conclusion. Sometimes the conclusion will follow from all the circumstances as an inference of law to be drawn by the judge; sometimes, as an inference of fact to be drawn by the jury.

The findings in this case do not enable us to say that the plaintiff was justified in its precipitate election to declare the contract at an end. There is a finding that payment was refused. That is inconclusive by itself. The refusal may have been nothing more than a declaration of inability to make payment on the instant. There is a finding that the defendant did not offer part payment or payment in installments. That again is inconclusive. It is not an ultimate, but at most an evidentiary fact. The circumstances may none the less have indicated a temporary default to be followed promptly by full payment. The referee must have interpreted the situation in that way for he states in his opinion that the default was not accompanied by any act or declaration that would indicate abandonment. If we were at liberty to look into the evidence and draw our own inferences, we

might reach a contrary conclusion. But the evidence is not open to our scrutiny. The plaintiff has not requested the referee to find the ultimate fact on which the right to the recovery of profits depends. It has not requested a finding that the breach was so material as to justify its hasty election to declare the contract at an end. It has not requested a finding of the circumstances preceding or accompanying the default. There is not even a request which brings before us in due form the ruling that all profits must be excluded. The only request made specifies the extent of the loss, and includes elements of damage which the referee, in any view of the breach, was at liberty to reject. In these circumstances, we must hold the plaintiff to the rule which requires a request to find and an exception (*Sherman* v. *Foster*, 158 N. Y. 587, 597; *Ostrander* v. *Hart*, 130 N. Y. 406, 414; *Burnap* v. *Nat. Bank of Potsdam*, 96 N. Y. 125, 131; *Thomson* v. *Bank of B. N. A.*, 82 N. Y. 1; *Drake* v. *N. Y. Iron Mine*, 156 N. Y. 90). The findings as made leave the character of the default equivocal. In the absence of an appropriate request for other findings, the evidence is not before us. The rule would be different if we were asked to go behind the findings for the purpose of affirmance (*Ogden* v. *Alexander*, 140 N. Y. 356; *Ostrander* v. *Hart, supra*). The plaintiff asks us to go behind them for the purpose of reversal. Its appeal must, therefore, fail.

The defendant complains of the increase of the judgment directed at the Appellate Division. We think the increase was erroneous. We have seen that the plaintiff was not at liberty to treat the entire contract as broken. Its cause of action was limited to the recovery of payments in default. But there has thus far been no default in respect of foreign sales. No foreign sales have yet been made. The award in that respect is an estimate of sales to be made hereafter. Until the con-

ditions prescribed by the contract have been satisfied, the extra compensation is not payable. The plaintiff's recovery must be limited to payments already due.

The judgment of the Appellate Division to the extent that it modifies the judgment entered on the report of the referee should be reversed, and the judgment entered upon such report affirmed, with costs in this court to the defendant.

HISCOCK, Ch. J., CHASE, HOGAN, POUND, MCLAUGHLIN and ANDREWS, JJ., concur.

Judgment accordingly.