## C. BAHNSEN & COMPANY, INC., Appellant, *v.* SAMUEL GERST, Respondent.

**Contract of sale — refusal to accept installment of goods as per contract manifests an intention of vendee to abandon and refuse to perform and requires determination as matter of law that there was a material breach of entire contract.**

Where in an action to recover for breach of a written contract whereby plaintiff sold to defendant and the latter purchased from plaintiff ninety pieces of linings to be delivered in two installments between certain dates and it appears by the evidence that within the time fixed for delivery of the first installment plaintiff sent the required goods by his servant to defendant and that the servant saw defendant personally and informed him that he had the goods for him from plaintiff, to which defendant replied, " I don't want them," a manifest intention on the part of defendant is disclosed to abandon and refuse to perform the contract on his part and the trial justice was required to determine as matter of law that there was a material breach of the entire contract on the part of defendant. (Pers. Prop. Law [Cons. Laws, ch. 41], § 126, subd. 2.)

*Bahnsen & Co.* v. *Gerst*, 200 App. Div. 865, reversed.

(Argued March 5, 1923; decided April 17, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 1, 1922, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

*Charles H. Tuttle, Saul S. Myers* and *Carl E. Peterson* for appellant. The trial court was in error in holding as a matter of law that the plaintiff had not proved its allegation, that it had duly performed all the obligations resting upon it under the contract. Under the contract the plaintiff was under no obligation to tender the second half of the goods, after (as was expressly pleaded) the defendant had unlawfully refused even to receive the first half. A cause of action for breach of the entire

contract then immediately arose. The mere fact that the plaintiff claimed to have tendered thereafter the second half and to have met with a second refusal, did not increase its obligation under the contract or bar its accrued cause of action for damages on the entire contract. (*Heller & Bros.* v. *Continental Mills,* 196 App. Div. 7; *Sullivan* v. *Dunham,* 161 N. Y. 290; *Hall Sons' Co.* v. *Sundstrom & Stratton Co.,* 139 App. Div. 548; 204 N. Y. 660; *Connor* v. *Philo,* 117 App. Div. 349; *Paradies-Carroll Co., Inc.,* v. *Lyman,* 193 App. Div. 766; *Quintard* v. *Newton,* 5 Robt. 72; *Niemoller* v. *Duncombe,* 59 App. Div. 614, 616; 172 N. Y. 621; *Wakeman* v. *Somarindyck,* 73 App. Div. 601; *Watson* v. *Mississippi River & Power Co.,* L. R. A. 1916D, 101; *Williamson* v. *Allison,* 2 East, 446, 451; *Gannon* v. *Laclede Gas Light Co.,* 43 L. R. A. 505; *Geer* v. *Board of Commissioners,* 97 Fed. Rep. 435, 442; *Board of Commissioners* v. *Keene 5c. Savings Bank,* 108 Fed. Rep. 505, 515.) The allegations in paragraphs IV and V of the complaint were unnecessary and surplus. Without them the complaint stated a good cause of action for breach of the entire contract. Hence, the trial court erred in holding that the plaintiff was bound to prove these surplus allegations. (*Hall* v. *Sundstrom,* 138 App. Div. 548; 204 N. Y. 660; *Connor* v. *Philo,* 117 App. Div. 349; *Paradies-Carroll Co.* v. *Lyman,* 193 App. Div. 766; *Sullivan* v. *Dunham,* 161 N. Y. 290; *Williamson* v. *Allison,* 2 East, 446.)

*Nathan D. Stern* and *Julius J. Michael* for respondent. The evidence totally failed to establish the cause of action alleged in the complaint. (*Stern* v. *McKee,* 70 App. Div. 142; *Booth* v. *Milliken,* 127 App. Div. 522; *McCallum* v. *Corn Products Co.,* 131 App. Div. 617; *Fischer* v. *Schram,* 173 App. Div. 147; *Jankowitz* v. *Manhattan Swiss Emb. Co.,* 196 App. Div. 22; *Perry* v. *Russell Frazer W. Co.,* 196 App. Div. 950.) The Sales Act makes clear that it is not every refusal by a party

to a contract to proceed with performance thereof that entitles the other party thereto to claim a breach of the entire contract because of such refusal. (Cons. Laws, ch. 41, § 126, subd. 2; *Helgar Corp.* v. *Warner's Features,* 222 N. Y. 449; *Hadfield* v. *Colter,* 188 App. Div. 563, 576; *Miller & Sons Co.* v. *Sergeant Co.,* 191 App. Div. 814.) The plaintiff, not having shown service of notice of rescission after refusal of defendant to accept delivery of the first half as required by section 146 of the Personal Property Law, failed to prove any cause of action against this defendant. (*Rubber Trading Co.* v. *Manhattan R. Mfg. Co.,* 221 N. Y. 120; *Henderson Tire & Rubber Co., Inc.,* v. *Wilson & Son, Inc.,* 196 N. Y. Supp. 879; *Putnam-Hooker Co.* v. *Iron Clad Overall Co., Inc.,* 197 N. Y. Supp. 541; *Hutt* v. *Hausman,* 118 Misc. Rep. 448.) The variance between the cause of action as alleged and as proved was a material variance. The denial by the trial court of the motion to amend was entirely correct. (*American Mills Co.* v. *Hoffman,* 275 Fed. Rep. 285; *Finch* v. *Foster Co., Inc.,* 197 App. Div. 172; *Abbott* v. *Meinken,* 48 App. Div. 109; *Wheeler* v. *Hall,* 54 App. Div. 49; *Hamilton* v. *Mendham,* 129 N. Y. Supp. 53; *Konner* v. *State,* 180 App. Div. 837; *Cruver Mfg. Co.* v. *Spooner,* 147 App. Div. 471; *Cox* v. *Halloran,* 64 App. Div. 550; *Spies* v. *Lockwood,* 40 App. Div. 296; *Weaver Hardware Co.* v. *Solomovitz,* 98 Misc. Rep. 413.)

HOGAN, J. The Appellate Division by a non-unanimous decision affirmed the judgment entered upon the decision of the trial justice which directed a dismissal of the complaint. In a review of the determinations of the courts below we are required to award to plaintiff every favorable inference deducible from the evidence presented upon the trial on its behalf. The facts established disclose as alleged in the second paragraph of the complaint, that on January 20, 1920, by a written agreement entered into between the parties, the plaintiff agreed to sell to defend-

ant and the latter agreed to and did purchase from plaintiff, ninety pieces, or all in stock of black Venetian linings, about sixty yards each piece or a total of about 5,400 yards, at one dollar ($1.00) per yard, delivery to be made in New York, one-half between April first and fifteenth, one-half between May first and fifteenth. Terms of payment, sixty days with an extra ten days from date of invoice, less two per cent discount.

The record discloses that on April fifteenth, the day stated in the contract, plaintiff sent by its servant to defendant at his place of business in the city of New York, forty-five pieces of the goods as provided in the contract. The servant saw the defendant personally and informed him that he had fifteen packages of goods for him from plaintiff. Defendant replied: " I don't want them." On that day the market value of the goods had dropped to twenty-seven and one-half cents per yard, or seventy-seven and one-half cents per yard less than defendant had contracted to pay for the same. Upon refusal of defendant to accept delivery of the goods, so far as appears, no further oral or written communication was had between the parties. Upwards of seven months elapsed between the refusal on the part of defendant to accept the goods and the commencement of this action.

Preliminary to further reference of the proceedings had upon the trial and essential to a discussion of the correctness of the conclusions reached by the trial justice and a majority of the Appellate Division justices, a further synopsis of the complaint becomes necessary.

The complaint first alleges the corporate existence of plaintiff. The second paragraph alleges the terms of the contract between the parties as hereinabove set forth. Paragraph third alleges the tender of the forty-five pieces of the goods on April fifteenth and refusal by defendant to accept the same. Paragraph four alleges a tender of the second installment of goods on May fifteenth and refusal

by defendant to accept the same. The fifth paragraph alleges that plaintiff has duly performed all of the terms and conditions of the contract on its part, and the last paragraph alleges that by reason of the premises plaintiff has sustained damages for which it demands judgment.

Upon the trial plaintiff did not offer evidence of a tender of the second installment of goods on May fifteenth, 1920. At the close of plaintiff's case, counsel for defendant moved to dismiss the complaint on the ground that the plaintiff had failed to establish the cause of action alleged in the complaint and to establish any breach of the contract on behalf of defendant. The trial justice held that the action was not based on an anticipatory breach of the contract; that there was a failure on the part of plaintiff to excuse a tender of the second installment of goods on May fifteenth; that the theory of the action was one of actual tender of both installments, and plaintiff having elected to proceed upon such theory, defendant had a right to rely upon the same " which was that plaintiff had kept the contract alive and under the complaint plaintiff was required to prove complete performance." The justice having thus announced his views, counsel for plaintiff moved to strike out from the complaint the allegation as to a tender of an installment of goods on May fifteenth and refusal to accept the same on the part of defendant and to amend the complaint to conform to the proof. The motion was denied and the complaint dismissed. Exceptions were noted to the decision of the justice upon both rulings.

The rights of the parties to this action are to be determined solely under subdivision 2, section 126, Personal Property Law (Cons. Laws, ch. 41), which provides:

" Where there is a contract to sell goods to be delivered by stated installments, which are to be separately paid for, and * * * the buyer neglects or refuses to take delivery of or pay for one or more installments, it depends in each case on the terms of the contract and the

circumstances of the case whether the breach of contract is so material as to justify the injured party in refusing to proceed further and suing for damages for breach of the entire contract, or whether the breach is severable, giving rise to a claim for compensation, but not to a right to treat the whole contract as broken."

Applying the provisions of the statute to the contract between the parties, we find that by the terms of the instrument it provides for the purchase and sale of goods to be delivered in stated installments to be separately paid for. Under the terms of the contract and the circumstances of the case, was the breach of the contract by defendant so material as to justify the plaintiff in refusing to proceed further and sue for damages for breach of the entire contract? In so far as the terms of the contract are involved we have already indicated that it was the duty of defendant to receive forty-five pieces of the goods on April fifteenth. The circumstances of the case disclosed in the record are: Defendant in his answer denied knowledge or information sufficient to form a belief as to the existence of the contract set out in the complaint. On the trial the evidence established that he executed the contract. The defendant arbitrarily refused to accept delivery of the first installment of the goods duly tendered to him at the time specified in the contract, giving as his sole reason, " I don't want them." Such refusal operated as a breach of the contract on his part. The inference deducible from the evidence is, that the defendant did not " want the goods " for the reason that the market value of the same on the day of the tender was twenty-seven and one-half cents per yard, while the price he was to pay for the goods under the contract was one dollar per yard. The enumerated circumstances of this case disclose a manifest intention on the part of defendant to abandon and refuse to perform the contract on his part and required the trial justice to determine as matter of law that there was a material breach of the entire contract

on the part of defendant.   (*Helgar Corporation* v. *Warner Features,* 222 N. Y. 449.)

The conclusion reached necessitates a new trial of the action and renders unnecessary extended review of the ruling of the court relative to the pleadings.   Assuming that the refusal of the trial justice to allow the complaint to be amended to conform to the proof was discretionary, we are of opinion that the allegation of the complaint as to tender of the second installment of goods was surplusage and might well have been stricken from the complaint or disregarded especially in view of the fact that defendant was not surprised; that the breach of the contract was entire; and plaintiff had performed the contract on its part.

The judgment should be reversed and a new trial granted, with costs to abide event.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgments reversed, etc.