HARRY L. JAUCH, Appellant, v. POWERTOWN TIRE CORPORATION, Respondent.

Fourth Department, March 11, 1925.

Sales — action by seller to recover damages for refusal to accept delivery of cotton fabric sold on installment contract — contract called for deliveries of approximately 10,000 pounds monthly, beginning July — shipment made any time in July conformed to contract — seller shipped 6,680 pounds in July — buyer refused that shipment on ground that it was not received in July and refused to proceed with contract — under Personal Property Law, § 126, subd. 2, whether defective delivery of one installment justifies buyer in refusing to proceed, depends upon particular circumstances — failure to make full shipment in July caused by car shortage and traffic congestion — whether buyer was justified in refusing to proceed was for jury — verdict of jury in favor of plaintiff is sustained by evidence — seller conceded that damages should not have been awarded as to first installment — Appellate Division may, under Civil Practice Act, § 584, reduce verdict.

Under a contract for the sale of cotton, fabric to be delivered in installments of approximately 10,000 pounds each, monthly, in July, August, September and October, a shipment made by the seller any time during the month of July complies with the contract, and the refusal of the buyer to accept the shipment made in July on the ground that it was not received in July, was unjustifiable.

Under subdivision 2 of section 126 of the Personal Property Law, the right of the buyer to refuse to proceed with an installment contract, following a defective delivery of an installment, depends in each case on the terms of the contract and the circumstances attending the defective delivery, and where there is any doubt as to the right of the buyer, under the facts, to consider the contract

as broken and to refuse to proceed further, the question should be submitted to the jury on the evidence.

Accordingly, in this action to recover damages for refusal of the buyer to accept deliveries and to proceed with the installment contract, in which the refusal was based on failure to deliver the full installment for the month of July, it was a question for the jury to determine whether or not the buyer was justified in refusing to proceed with the contract, since it appears that the seller shipped 6,680 pounds in July and that he did everything possible to expedite the shipment of the full installment in July but was prevented from doing so because of car shortgage and traffic congestion.

Under the circumstances of this case, the verdict of the jury in favor of the plaintiff is supported by the evidence.

The Appellate Division has the power, under section 584 of the Civil Practice Act, to reduce a verdict in a contract case, with the plaintiff's consent, and since the plaintiff concedes that he was not entitled to recover damages for the rejection of the July shipment, that shipment not being a substantial compliance with the contract, the verdict of the jury, including the damages for the failure to accept the July shipment, will not be set aside if the plaintiff is willing to stipulate to reduce the verdict by that amount.

APPEAL by the plaintiff, Harry L. Jauch, from an order of the Supreme Court, made at the Erie Trial Term and entered in the office of the clerk of the county of Erie on the 25th day of April, 1924, setting aside a verdict in favor of the plaintiff and granting a new trial.

*Dirnberger & Moore* [*M. F. Dirnberger, Jr.,* of counsel], for the appellant.

*Corcoran & Corcoran* [*Charles L. Feldman* of counsel], for the respondent.

HUBBS, P. J.:

The complaint, as amended, alleges that on June 1, 1920, a contract of sale was entered into between the plaintiff's assignor and the defendant for 40,000 pounds of cotton fabric, at two dollars and forty-five cents per pound, F. O. B. mills, to be paid for upon presentation of sight draft with bill of lading attached, delivery to be made at the rate of about 10,000 pounds monthly in July, August, September and October; that the plaintiff's assignor duly complied with the terms of the contract and in July shipped 6,680 pounds and was at all times able and willing to deliver the balance of said 40,000 pounds according to the terms of the contract; that delivery of 6,680 pounds in July did not amount to a material breach of the contract which entitled the defendant to cancel the entire contract; that the defendant notified the plaintiff that it would not accept the 6,680 pounds shipped or any subsequent installment.

Upon the trial the defendant contended that the shipment of

6,680 pounds instead of 10,000 pounds constituted a breach of the contract which gave it the right to rescind the whole contract as a matter of law.

The evidence discloses that the plaintiff's assignor did not manufacture the product in question, but purchased it of the mills, and the contract so states. The plaintiff's assignor, prior to making the contract with the defendant, had entered into valid contracts with mills to furnish it with 50,000 pounds of the cotton product in question, to be delivered in quantities which would enable it to fill the contract with the defendant as written. The mills were unable to furnish the plaintiff's assignor the amount contracted to be delivered in July, but did furnish 6,680 pounds. That quantity the plaintiff's assignor shipped to the defendant.

On July thirtieth, before the arrival of the shipment and before the defendant knew that the shipment would not amount to 10,000 pounds, it wrote the brokers of whom it made the purchase to cancel the contract, " as we have been compelled to purchase 10,000 pounds spot shipment during the month of July and have already loaded up for August and September deliveries." Later it took the position that it ordered the contract canceled because the goods were not received in July, and not because the shipment made did not contain 10,000 pounds. The defendant refused to accept the shipment of 6,680 pounds.

The learned trial court permitted the jury to determine whether the failure of the plaintiff's assignor to ship the full 10,000 pounds instead of 6,680 pounds in July was such a material breach as to justify the defendant in repudiating the whole contract. The jury decided that issue in favor of the plaintiff. The trial court set aside the verdict and ordered a new trial upon the ground that it was error to permit the jury to find damages against the defendant for failure to accept the 6,680 pounds shipped on the July installment.

Counsel for the plaintiff now concedes that the plaintiff is not entitled to recover damages because of the defendant's failure to accept 6,680 pounds shipped on the July installment. It is urged, however, that the verdict should be reduced in the sum of $7,000, the amount of damage allowed for failure to accept the July installment, and that the verdict as so reduced be reinstated.

As heretofore stated, the defendant placed its refusal to go on with the contract upon the ground that the first installment did not arrive during July. That ground was clearly untenable, as the plaintiff's assignor was bound by the terms of the contract to ship only the first installment during the month of July.

It is a general principle that where a party to a contract refuses to fulfill and bases the refusal upon a particular ground clearly

and deliberately stated, all other objections are deemed waived. (*Littlejohn* v. *Shaw*, 159 N. Y. 188.)

Passing that objection, however, we are of the opinion that the verdict of the jury was justified, except as to the damage allowed on the July installment, which we do not pass upon as it is conceded by the plaintiff that no recovery should be had on account of the defendant's failure to accept that installment. No exceptions were taken by the defendant to the manner in which the case was submitted to the jury and the charge, as a whole, fairly stated to the jury that the question for it to determine was whether, under all the circumstances the shipment of 6,680 pounds instead of 10,000 pounds was such a material difference as to justify the defendant in refusing to accept the further installments. Accepting, for the purpose of this decision, the concession now made by the plaintiff, that the difference between the amount shipped and the amount called for by the contract was so great that it did not constitute a substantial compliance with the contract, and that the defendant buyer was, therefore, justified in refusing to accept the shipment, what is the effect? It appears that the price had declined from $2.45, the contract price per pound, to $1.75, in July. By rejecting the shipment the defendant saved $7,000. The failure to ship 10,000 pounds in July, instead of resulting in a damage to the defendant, resulted in a substantial gain. It appears that it was not in immediate need of the goods and that it was not damaged in any other way by failure to receive the full 10,000 pounds in the first installment. The plaintiff's assignor was not careless, negligent or willful; it did everything that a prudent business man could have done to secure the 10,000 pounds with which to fill the defendant's contract. It had protected itself by valid contracts with the mills and it continuously and persistently urged upon the mills the necessity of shipping 10,000 pounds during the month of July. The mills were unable to do so because of car shortage and traffic congestion. Under such circumstances the defendant buyer could not, as a matter of law, arbitrarily and apparently because the price of the goods had gone down, cancel the contract and refuse to accept future installments.

Prior to the enactment of article 5 of the Personal Property Law (as added by Laws of 1911, chap. 571), known as the Sales of Goods Act, the law of this State was settled that under an executory contract for the sale of goods to be delivered in installments a failure of the seller to deliver an installment constituted a breach of the contract which justified the buyer, who was not in default, in rescinding the whole contract. (*Wolfert* v. *Caledonia Springs Ice Co.*, 195 N. Y. 118.)

Section 126, subdivision 2, of the Personal Property Law (as added by Laws of 1911, chap. 571) has established a new standard. (*Miller & Sons Co.* v. *Sergeant Co.*, 191 App. Div. 814.) Section 126 of said statute provides:

" § 126. Delivery in installments.

" 1. Unless otherwise agreed, the buyer of goods is not bound to accept delivery thereof by installments.

" 2. Where there is a contract to sell goods to be delivered by stated installments, which are to be separately paid for, and the seller makes defective deliveries in respect of one or more installments, or the buyer neglects or refuses to take delivery of or pay for one or more installments, it depends in each case on the terms of the contract and the circumstances of the case whether the breach of contract is so material as to justify the injured party in refusing to proceed further and suing for damages for breach of the entire contract, or whether the breach is severable, giving rise to a claim for compensation, but not to a right to treat the whole contract as broken."

It would seem to be clear from the words of the section that the right of the purchaser to rescind the whole contract no longer rests upon the mere fact of a breach thereof by the seller in failing to deliver an installment, but the right to rescind the whole contract upon such a breach by the seller now " depends in each case on the terms of the contract and the circumstances of the case whether the breach of contract is so material as to justify the injured party in refusing to proceed further." The right of the party not in default to declare the contract at an end now " depends upon the question whether the default is so substantial and important as in truth and in fairness to defeat the essential purpose of the parties." (*Helgar Corporation* v. *Warner's Features*, 222 N. Y. 449.) " Therefore, the question becomes one for careful scrutiny whether there was justification or excuse, because it is obvious that in almost every case the character of the default is to be decided by the peculiar circumstances of that case." (*Ferguson* v. *Chuck*, 236 N. Y. 149.)

Whether the question is to be decided by the court as a question of law or by the jury as a question of fact must depend, in each case, upon familiar rules which govern that question. Generally speaking, if the situation is such that there is doubt, that doubt should be resolved by the jury. If the situation is so clear that no reasonable person could draw more than one conclusion, then the question is one of law for the court to determine. (*Helgar Corporation* v. *Warner's Features, supra;* 2 Williston Sales [2d ed.], 1181.)

Certainly the facts in this case would not justify the court in holding as a matter of law that the defendant buyer was justified in terminating the contract because of the default of the plaintiff's assignor. At most, it was a question of fact for the jury, as the plaintiff's counsel did not ask the court to determine it as a question of law. The decision of the jury was justified by the evidence. The only reason assigned by the learned trial justice for setting aside the verdict was that it was error to permit the jury to award damages against the defendant because of its refusal to accept the first consignment. If that was error and it can be corrected without the necessity of a new trial, it should be done.

There is no conflict in the testimony upon the question of damages. The plaintiff's damage upon the undisputed evidence was $7,000 because of the defendant's failure to accept the first installment; $9,500 on the second installment, $12,000 upon the third and $13,000 upon the fourth. If the $7,000 damage upon the first installment is deducted, it leaves a balance of $34,500.

The defendant upon July thirtieth wrongfully undertook to escape liability upon its contract, because the price of the goods contracted for had fallen. It placed its attempted cancellation upon the unsupportable ground that the goods had not been received during the month of July. Its liability to respond in damage for its unjustifiable conduct has been determined by a jury. It did not offer any testimony in conflict with that offered by the plaintiff upon the question of damages. There is no conflict in the testimony introduced by the plaintiff upon that question. The jury has found that the plaintiff was willing, able and ready to deliver the goods called for in the contract. No reason appears why the plaintiff should be put to the delay, trouble and expense of a new trial. This court now has authority to reduce a verdict in a contract case upon plaintiff's consent, under section 584 of the Civil Practice Act. (*Herrman* v. *U. S. Trust Co.*, 221 N. Y. 143.)

The order setting aside the verdict should be modified, without costs, by setting aside the verdict and granting a new trial only in the event that the plaintiff shall refuse to stipulate to reduce the verdict to $34,500, and if he shall so stipulate, the verdict is reduced accordingly and the motion to set aside the verdict denied, without costs.

CLARK, DAVIS, CROUCH and TAYLOR, JJ., concur.

Order modified, without costs, by setting aside the verdict and granting a new trial, unless the plaintiff shall, within ten days, stipulate to reduce the verdict to the sum of $34,500 as of the date of the rendition thereof, in which event the verdict is reduced

accordingly and the order is modified by reducing the verdict to said sum and denying the motion to set aside the verdict, and as so modified the order is affirmed, without costs of this appeal to either party.