*487
 
 Robinson, J.
 

 The question here presented is whether in a contract such as the one here involved, where the goods are fabricated for the peculiar use of the buyer and have no value to any one else, and the contract provides for shipments at stated intervals, a slight deviation from the time specified in the contract in the shipment of the first installment entitles the buyer to treat the contract as breached, and to repudiate the contract.
 

 On the trial of this case, the defendant in error attempted to show that it expected to use the folders at an electrical exhibition in the city of New York, which exhibition began on the 15th day of November. But since the contract did not require any shipment to be made prior to the 19th day of November, and did not require shipment to any place other than Dayton, Ohio, and no request was shown for shipment to New York, the record in that respect would not justify a conclusion that the folders were intended for any such special purpose.
 

 There was no showing made by the defendant in error that the difference of 10 days between the time the contract called for the first shipment and the time when the first shipment was made was of any significance to it or caused it any damage. Unless, therefore, we adopt the rule declared by the Supreme Court of the United States, in
 
 Norrington
 
 v. Wright, 115 U. S., 188, 6 S. Ct., 12, 29 L. Ed., 366, “In a mercantile contract a statement descriptive of the subject-matter, or of some material incident, such as the time or place of shipment, is ordinarily to be regarded as a warranty or condition precedent, upon the failure or
 
 *488
 
 nonperformance of which, the party aggrieved may repudiate the whole contract,” we must, upon the question of time of delivery, conclude that the municipal court and the court of common pleas reached a correct conclusion and that the Court of Appeals was in error.
 

 In 1908 an act known as the Uniform Sales Act was adopted by the Legislature, 99 Ohio Laws, 425. Paragraph 2 of Section 45 of that act, being paragraph 2 of Section 8425, General Code, reads:
 

 “When there is a contract to sell goods to be delivered by stated installments, which are to be separately paid for, and the seller makes defective deliveries in respect to one or more installments, or the buyer neglects or refuses to take delivery of or pay for one or more installments, it depends in each case on the terms of the contract and the circumstances of the case, whether the breach of contract is so material as to justify the injured party in refusing to proceed further and suing for damages for breach of the entire contract, or whether the breach is severable, giving rise to a claim for compensation, but not to a right to treat the whole contract as broken.”
 

 It would seem, therefore, whatever may have been the rule in Ohio prior to the enactment of the Uniform Sales Act, or whatever may be the rule in jurisdictions where the Uniform Sales Act has not been adopted, that now, in this state and in jurisdictions having a similar act, the question whether the date of delivery or the date of payment is of the essence of the contract, a condition precedent, is, in the absence of an expressed agreement upon that subject, a question to be determined
 
 *489
 
 in each case by a consideration not only of the terms of the contract, but also of the circumstances of the case. To illustrate: Had the defendant in error established that its purpose in the execution of this contract was to have these folders for use at the electrical show in New York City, and that plaintiff in error had knowledge of such purpose, and the terms of the contract had required the delivery of the goods at a time which would have enabled it to use them for that purpose, then time would have been of the essence of the contract and the delivery at a time which would have permitted such use would have been a condition precedent to a right to recovery by the plaintiff in error. But since this folder was a general advertisement of the defendant in error’s products, which could be used, and would be useful, at any time, and since the defendant in error wholly failed to show that it desired the folders for any particular purpose, or that they were not as useful at the date of the delivery as they would have been 10 days earlier, there was not only no circumstance tending to require a construction of the contract that the time of delivery was the essence thereof, but, on the contrary, the circumstances warranted the construction that it was not.
 

 The rights of the defendant in error were not to rescind, but to counterclaim for such damages, if any, as it may have sustained.
 
 Helgar’s Corporation
 
 v.
 
 Warner’s
 
 Features,
 
 Inc.,
 
 222 N. Y., 449, 119 N. E., 113.
 

 The question of defective workmanship or defective stock was one of fact, and the trial court found that there was no defect in workmanship or stock except in the first shipment of 1,600 folders,
 
 *490
 
 and made a deduction of 10 per cent, from the contract price. The plaintiff in error in its bill of particulars had already made a deduction of $29. The deduction therefore made by the plaintiff in error plus the deduction made by the trial court substantially exceeded the contract price for that number of folders. The plaintiff in error is not complaining of the judgment in that respect, and the defendant in error cannot.
 

 Judgment of the Court of .Appeals reversed' and that of the common pleas affirmed.
 

 Marshall, ,C. J., Day, Allen, Kinkade, Jones and Matthias, JJ., concur.