GENERAL TANNING CORPORATION, Plaintiff, *v.* CONSOLIDATED SEWING MACHINE & SUPPLY CO., INC., Defendant.

Supreme Court, Kings County, March 17, 1933.

*Watson, Kristeller & Swift,* for the plaintiff.

*Samuel Horowitz* [*Philip E. Rosenblum* of counsel], for the defendant.

STEINBRINK, J. From the complaint it appears that in April, 1927, the parties hereto entered into an agreement under the terms of which plaintiff agreed to deliver to defendant 24,000 belts of a certain description, the price being thirty cents for each belt. Defendant agreed to accept 2,000 belts a month. Pursuant to the agreement plaintiff delivered 7,030 belts. Defendant paid for the first 3,000 belts, but on August 25, 1927, refused to pay for the remaining ones on the ground that they were imperfect and not according to sample, and refused to accept any further deliveries. Plaintiff thereupon instituted an action in the Municipal Court to recover the price of the belts delivered, and was there met with the defense that the belts delivered were not in conformity with the sample, but consisted of inferior leather and imperfect perforations. Plaintiff succeeded in prosecuting this action to a judgment, which has since been satisfied. It is further alleged in the complaint that plaintiff performed all the terms and conditions of the agreement on its part to be performed, except in so far as such performance was prevented by reason of the act or acts of the defendant, and that as a result of defendant's refusal to accept delivery of the belts pursuant to the agreement, plaintiff was damaged in the sum of $3,517.60. The answer, after denying performance by plaintiff of all the terms of the agreement, pleads as an affirmative defense that the Municipal Court judgment is *res judicata;* that plaintiff's failure to assert in the prior action a claim for damages arising out of defendant's breach of what is claimed to be the entire contract bars the prosecution of this action. Plaintiff contends that the contract was divisible and that defendant's conduct gave rise to two causes of action, one for the part delivered and the other for the part not accepted. From that plaintiff concludes that recovery on one cause of action does not bar recovery on the other. True, the contract is divisible in the sense that by its terms the price for a portion or portions of the goods less than the whole is fixed or ascertainable by computation. (Pers. Prop. Law, § 156.) Plaintiff may sue for each installment of the price as it matures. But plaintiff uses the term divisible in the sense that a cause of action for non-payment of one installment may co-exist with a cause of action for breach of the entire contract. This cannot be so for, by necessity, breach of a part and breach of the whole must coalesce. The one merges into the other by the same

token that the right to recover for an earlier installment merges into the right to recover for a later installment as it becomes due. (*Secor* v. *Sturgis*, 16 N. Y. 548; *Perry* v. *Dickerson*, 85 id. 345; *Lorillard* v. *Clyde*, 122 id. 41.) If the entire contract was breached, defendant was guilty of but one wrong for which there can be but one recovery, however numerous the items of damage may be and but one action for a single breach of contract. (*Perry* v. *Dickerson*, *supra*, at p. 347.) It is, therefore, pertinent to ascertain, not whether the contract was divisible, but whether plaintiff before instituting the Municipal Court action had a cause of action for breach of the entire contract. If he did, then to sustain this action would be doing violence to the rule against splitting causes of actions, a rule promulgated to prevent vexatious or oppressive litigations. By instituting *this* action, plaintiff concedes that defendant's refusal to pay for the goods delivered, and his refusal to accept further deliveries, constituted a breach sufficiently material under subdivision 2 of section 126 of the Personal Property Law to justify a suit for damages for breach of the entire contract. No claim is made that between August, 1927, the date when this right arose, and the date of the commencement of this action, anything has occurred which changes the situation of the parties. At the time of the commencement of the action in the Municipal Court, therefore, plaintiff knew, or was chargeable with knowledge, that he had not only a right to sue for merchandise delivered but a right to demand damages for the balance of orders then unfilled. Both of these rights were created by a single act on the part of the plaintiff — the refusal to pay for merchandise delivered and the announced intention to repudiate the contract, which was a breach of the entire contract as matter of law. (*Bahnsen & Co.* v. *Gerst*, 235 N. Y. 426, 432.) Having these two rights, arising from the same wrong, was plaintiff at liberty to sue, as he now claims he did, to recover for the *partial* breach and reserve the right to sue at a future date for damages arising from the *entire* breach? I think not. From the very force of the terms, it should be clear that, where a partial breach and an entire breach arise simultaneously, the former is merged into the latter and but a single cause of action arises. (*Pakas* v. *Hollingshead*, 184 N. Y. 211.) An attempt to divorce the one breach from the other brings the case strictly within the salutary though technical rule (*Secor* v. *Sturges, supra,* p. 560) against splitting causes of action. It follows that defendant is entitled to judgment on the pleadings.